UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA M. MULLEN and
PATRICK M. MULLEN,

       Plaintiff,

v.               Civil Action No._____

BUREAU OF COLLECTION      **JURY TRIAL DEMANDED**
RECOVERY, INC. d/b/a BCR,

       Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an two individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiffs' TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Linda M. Mullen is a natural person residing in the County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Plaintiff Patrick M. Mullen, husband of Linda M. Mullen, is a natural person residing in the County of Niagara and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

7. Defendant Bureau of Collection Recovery, Inc. d/b/a BCR (hereinafter "BCR") is a foreign business corporation organized and existing under the laws of the State of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. That at all times relevant herein, Plaintiff Linda M. Mullen was and is a "person" as defined by 47 U.S.C.§153(32).

9. That at all times relevant herein, Plaintiff Patrick M. Mullen was and is a "person" as defined by 47 U.S.C.§153(32).

10. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

17. Defendant regularly attempts to collect debts alleged to be due another.

18. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

19. That Defendant alleges Plaintiffs Linda M. Mullen and Patrick M. Mullen incurred a debt to T-Mobile. This alleged debt will hereinafter be referred to as "the subject debt."

20. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

2

21. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

22. That Defendant alleges Plaintiffs defaulted on the subject debt.

23. That Defendant alleges they were thereafter employed by T-Mobile to attempt to collect the subject debt.

24. That on or about July 21, 2008, Defendant began calling Plaintiffs Linda M. Mullen and Patrick M. Mullen on their home telephone upwards of five times per week. Many of the telephone calls made by Defendant were on the weekends and/or prior to 8 o'clock antemeridian.

25. That during the several of the abovementioned telephone calls Plaintiffs informed Defendant they were calling the wrong number, the person they were trying to reach was not them and they had never had an account with T-Mobile. During many of these telephone calls Defendant has asked to speak to "Patricia Mullen" or Patrice Mullen."

26. That on or about August 11, 2008, Defendant called Plaintiffs home and spoke with Plaintiff Linda M. Mullen. An employee for Defendant identified herself as "Natalie" and asked said Plaintiff when she is going to pay her T-Mobile bill of $53.00. Plaintiff stated she was never and presently is not a T-Mobile customer. Plaintiff stated Defendant has been calling the wrong person and number. Upon hearing this Natalie asked said Plaintiff why she was lying. Plaintiff reiterated Defendant had been calling the wrong person. Defendant raised her voice and repeatedly stated Plaintiff was a "liar." Plaintiff asked Natalie for her full name to which Natalie responded, "I already told you my name, you need to listen better." Plaintiff then asked Natalie for her supervisor's name. Natalie refused to respond to Plaintiff's question. Natalie then asked Plaintiff if her birth date was "11-23-38" and if the last four numbers of her social security number were "0099." Plaintiff Linda M. Mullen said that was not her correct information. Natalie then asked for Plaintiff's correct birth date and social security number. Plaintiff Linda M. Mullen refused to give said information. Natalie then stated Plaintiff was "lying" and she owed the subject debt. Natalie asked Plaintiff to pay part of the subject debt. Plaintiff insisted she did not owe any money. However, Natalie continued to shout that Plaintiff was a "liar" until the call was terminated by said Plaintiff.

27. That immediately after the aforementioned telephone call Plaintiffs Linda M. Mullen and Patrick M. Mullen went to their local T-Mobile store. Plaintiffs explained the telephone calls and conversations with Defendant to the T-Mobile General Manager, Elizabeth Springer. Ms. Springer called T-Mobile's "Loyalty Department" which confirmed Plaintiffs Linda M. Mullen and Patrick M. Mullen were at no time customers of T-Mobile.

28. That on or about August 11, 2008, after going to the T-Mobile store, Plaintiff Linda M. Mullen called Defendant and asked to speak with a manager or supervisor. Said Plaintiff was transferred to an employee of Defendant who identified himself as, "Greg." Plaintiff explained the previous phone call with Natalie and confirmation from T-Mobile that Defendant had been calling the incorrect person. Plaintiff Linda M. Mullen asked Greg to remove herself and Plaintiff Patrick M. Mullen from their database to prevent future calls to their home telephone. Greg asked Plaintiff for her birth date and social security number. Plaintiff again refused to give

said information. Greg stated the calling would not stop unless Plaintiff Linda M. Mullen told him her social security number. Plaintiff again refused to disclose her personal information. Upon hearing this, Greg stated Plaintiff probably owes the money because she would not disclose the desired information.

29. That during the months of July of 2008 through November of 2008, Defendant made approximately four telephone calls to Plaintiffs' telephone, wherein they left an artificial and/or prerecorded voice message requesting that Plaintiffs return Defendant's telephone call. Several of these messages were left on Plaintiffs' answering machine.

30. That also during the months of July of 2008 through November of 2008, Defendant made approximately fifteen calls to Plaintiffs' telephone, that when either Plaintiff answered the telephone "hello" there was no response from Defendant. After saying "hello" multiple times to Defendant, Plaintiffs would terminate the telephone call.

31. That Defendant has continued to call Plaintiffs home telephone, send said artificial and/or prerecorded voice messages to Plaintiffs and leave messages on Plaintiff's answering machine; despite being instructed to refrain from calling.

32. That at no time did Defendant state they were calling from the Bureau of Collection Recovery, Inc. Defendant only used "BCR" to identify themselves.

33. That at no time did Defendant state that they are a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

34. That at no time did Defendant give notice of the subject debt to Plaintiffs as required by 15 U.S.C. §1692g.

35. That as a result of the foregoing, Plaintiffs Linda M. Mullen and Patrick M. Mullen became nervous, upset, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

36. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1 through 35 above.

37. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer when repeatedly stating Plaintiff Linda M. Muller is a "liar," stating, "I already told you my name, you need to listen better," stating said Plaintiff was "lying," stating Defendant would continue to call Plaintiff Linda M. Mullen if she did not disclose her social security number, and by stating said Plaintiff probably owes the money because she would not reveal the desired information.

38. That Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse and harass.

4

39. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by failing to provide Plaintiffs with meaningful disclosure of the caller's identity when stating they were calling from "BCR."

40. That Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) by threatening to continue to call Plaintiff Linda M. Mullen if she did not disclose her social security number to Defendant.

41. That Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692e(11) by failing inform Plaintiffs at any time, that Defendant is a debt collector attempting to collect a debt or that any information obtained will be used for that purpose.

42. That Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt that was not expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant violated 15 U.S.C. §1692g(a) by failing to furnish Plaintiffs with notice of the subject debt .

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

44. Plaintiffs Linda M. Mullen and Patrick M. Mullen repeat, re-allege and incorporate by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

45. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiffs' telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiffs to leave such messages.

46. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

48. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed her peace and tranquility at home and elsewhere.

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

5

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

51. Plaintiffs Linda M. Mullen and Patrick M. Mullen received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling each Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

52. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiffs to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages for each Plaintiff pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiffs demands trial by jury in this action.

Dated: January 22, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

6